UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| Muth Electric, Inc., <br><br>        Plaintiff, <br><br>vs. <br><br>Rice Lake West, Inc. f/k/a Stanek Constructors, Inc., and Federal Insurance Company, <br><br>        Defendants, <br><br>and <br><br>Rice Lake West, Inc. f/k/a Stanek Constructors, Inc., <br><br>        Third-Party Plaintiff, <br><br>vs. <br><br>City of Pierre, South Dakota, <br><br>        Third-Party Defendant. | Case No. 4:24-cv-04214-RAL <br><br><br>**THIRD-PARTY COMPLAINT** <br><br>**(JURY TRIAL DEMANDED)** |

      Defendant and Third-Party Plaintiff Rice Lake West, Inc. f/k/a Stanek Constructors, Inc., for its Third-Party Complaint against Defendant City of Pierre, South Dakota, states and alleges as follows:

**PARTIES**

      1.     On information and belief, Plaintiff Muth Electric, Inc. is a corporation organized and existing under the laws of the State of South Dakota engaged in the business of electrical contracting, with its principal place of business located at 1717 North Sanborn Boulevard, Mitchell, South Dakota 57301.

      2.     Rice Lake West is a corporation organized and existing under the laws of the State of Colorado engaged in the business of construction contracting, with its principal place of business located at 221 Corporate Circle, Golden, Colorado 80401.

3. Third-Party Defendant City of Pierre, South Dakota, is a municipal corporation organized and existing under the laws of the State of South Dakota.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Muth and Rice Lake West and the amount in controversy exceeds $75,000 in value, exclusive of costs and interest. In addition, there is complete diversity between Rice Lake West and the City.

5. This Court has supplemental jurisdiction over this dispute under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the City.

7. Venue is proper in the United States District Court for the District of South Dakota under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in South Dakota.

## FACTS

8. Muth has served upon Rice Lake West a Complaint, a copy of which is attached as **Exhibit A** and is incorporated by reference.

9. The City solicited bids in early 2021 for improvements to the City's existing wastewater treatment plant, further identified in the City's solicitation documents as the "Pierre Wastewater Treatment Plant (WWTP) Improvements" ("Project").

10. The City is the Project's owner.

11. Burns & McDonnell Engineering Company ("BMD") was the City's engineer and authorized Project Representative.

12. BMD developed the design for the Project, including preparing the plans, specifications, notice and call for bid, instructions to bidders, general conditions, agreement

between owner and contractor, and other bidding documents and contract documents (collectively, "Project Manual").

13. BMD did not complete an adequate site investigation of existing conditions prior to finalizing the Project Manual.

14. The City made the Project Manual available to Rice Lake West as well as other contractors and subcontractors for the purpose of soliciting bids for the Project.

15. In accordance with the Project Manual, Rice Lake West submitted a bid to the City to serve as the Project's prime contractor for the Project.

16. In preparing its bid for the Project, Rice Lake West solicited bids, proposals, quotes, and estimates from subcontractors and suppliers.

17. The City accepted Rice Lake West's bid and awarded the Project to Rice Lake West.

18. Effective April 20, 2021, the City and Rice Lake West entered into a written Agreement for Construction – Prime Contract (the "Prime Contract").

19. The Project Manual and Prime Contract include a defined scope of work for completion of the Project ("Project Work").

20. By making the Project Manual available to Rice Lake West and other contractors, subcontractors, and suppliers the City promised, warranted, and represented that, among other things:

   a. the Project Manual, including the plans and specifications, were fit and suitable for their intended purposes;

   b. the information and representations contained in the Project Manual, including the plans and specifications, were complete and accurate;

   c. the work described in the Project Manual, including the plans and specifications, could be performed using ordinary, economically practicable, and customary construction, means, methods, and techniques in the time allocated in the Project Manual; and

   d. the work described in the Project Manual, including the plans and specifications, would produce a fully functional wastewater treatment facility.

21. Rice Lake West and its subcontractors and suppliers reasonably relied upon the foregoing promises, warranties, and representations, individually and collectively, in preparing and submitting bids for the Project and in entering into the Prime Contract and related subcontracts for the performance of Project Work.

22. In the Prime Contract, the City and BMD expressly or implicitly agreed to, among other things:

    a. pay Rice Lake West in accordance with the Prime Contract;

    b. not delay, hinder, or interfere with the performance of the Project Work;

    c. not cause the performance of the Project Work to become more costly, time-consuming, or difficult than indicated in the Project Manual, including the plans and specifications;

    d. grant Rice Lake West reasonable time extensions for delays in the performance of the Project work which were beyond Rice Lake West's reasonable control;

    e. pay Rice Lake West additional compensation for changed, differing, extra, or delayed work; and

    f. fairly and reasonably administer the Prime Contract and not engage in harsh or overreaching practices.

23. Rice Lake West and its subcontractors and suppliers reasonably relied upon the foregoing agreements, individually and collectively, in entering into the Prime Contract and related subcontracts for the performance of Project Work.

24. The City and BMD have repeatedly breached the promises, warranties, and representations listed in Paragraph 20, above.

25. Upon information and belief, the City and BMD misrepresented material facts in the Project Manual through concealment and false statements.

26. The City and BMD have repeatedly breached the agreements listed in Paragraph 22, above.

27. Throughout the Project, the City and BMD have ignored or violated numerous Prime Contract provisions, including: General Conditions ¶¶ 3.01.B, 3.01.E, 3.04.B, 4.05.B,

4.05.C, 4.05.E, 9.01.A, 10.01.A, 10.01.B, 10.01.I, 10.07.A, 10.08.A, 11.06, 11.07, 12.01.C, 15.01.E, 15.01.D, 15.01.F, 15.01.G, 15.03, 16.02.A, 16.02.B, 16.02.D, and 16.05.A.

28. The City and BMD have unreasonably and without justification failed to approve or have improperly rejected Proposed Change Orders, including PCO No. 24 (as revised from time to time), PCO No. 35, PCO No. 38, PCO No. 45, PCO No. 47, and PCO No. 48.

29. The City and BMD have unreasonably and without justification failed to respond to Claims submitted under the General Conditions by Rice Lake West and its subcontractors.

30. The City and BMD have unreasonably and without justification failed and refused to grant or approve appropriate adjustments to the Contract Times and Contract Price.

31. The City has unreasonably and without justification accused Rice Lake West and its subcontractors and suppliers of breaching the Prime Contract.

32. The City has unreasonably and without justification threatened to withhold liquidated damages on the Project.

33. At the direction of and with the authorization, knowledge, and acquiescence of the City and BMD, Rice Lake West and its subcontractors have performed work beyond the scope of work described in the Project Manual and Prime Contract ("Extra Work.")

34. The City has unreasonably and without justification failed to compensate Rice Lake West for all Extra Work.

35. On or around November 22, 2024, the Owner unreasonably and without justification terminated Rice Lake West.

36. The Owner's termination failed to comply with Paragraph 16.02.B of the Project's General Conditions.

37. Rice Lake West has satisfied all conditions precedent to bringing this action or such conditions have been waived.

## COUNT I
## THIRD-PARTY LIABILITY (Fed. R. Civ. P. 14)

38. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

39. In its Complaint, Muth alleges that it is entitled to recover damages and is entitled to other relief as a result of the acts and omissions of the City and BMD.

40. Among other things, Muth alleges that Changes to BMD's original duct bank design caused substantial extra work outside the original scope of the Subcontract and required additional time outside the original scope of the Subcontract ("Muth Extra Work").

41. Muth alleges (a) that the Muth Extra Work increased the cost and time needed to finish the Project and delayed the Project's schedule and (b) that Muth is entitled to an equitable adjustment of the Contract Time and Contract Price.

42. Muth also claims Rice Lake West was unjustly enriched by Muth's performance of the Subcontract Work and the Muth Extra Work.

43. The City is or may be liable to Rice Lake West for some or all of the claims in Muth's Complaint.

## COUNT II
## BREACH OF THE IMPLIED WARRANTY OF DESIGN ADEQUACY (*Spearin*)

44. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

45. The City has breached the promises, warranties, and representations included in the Project Manual because, among other things:

   a. the Project Manual, including the plans and specifications, were not fit and suitable for their intended purposes;

   b. the information and representations contained in the Project Manual, including the plans and specifications, were not complete and accurate;

   c. the work described in the Project Manual, including the plans and specifications could not be performed using ordinary, economically

6

   practicable, and customary construction, means, methods, and techniques in the time allocated in the Project Manual; and

  d. the work described in the Project Manual, including the plans and specifications, would not have produced a fully functional wastewater treatment facility.

46. As a direct and proximate result of the City's breaches, Rice Lake West has incurred damages in an amount exceeding $75,000.00, the exact amount to be proven at trial, plus interests.

## COUNT III
## BREACH OF CONTRACT

47. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

48. As described above, the City or those for whom it responsible, breached the Prime Contract by, among other things:

  a. failing to pay Rice Lake West in accordance with the Prime Contract;

  b. delaying, hindering, and interfering with Rice Lake West's performance of the Project Work;

  c. causing Rice Lake West's performance of the Project Work to become more costly, time-consuming, or difficult than indicated in the Project Manual, including the plans and specifications;

  d. failing and refusing to grant Rice Lake West reasonable time extensions for delays in the performance of the Project work which were beyond Rice Lake West's reasonable control;

  e. failing and refusing to pay Rice Lake West additional compensation for changed, differing, extra, or delayed work; and

  f. failing and refusing to fairly and reasonably administer the Prime Contract and engaging in harsh or overreaching practices.

49. The City also wrongfully terminated the Prime Contract.

50. As a direct and proximate result of the City's breaches, Rice Lake West has incurred damages in an amount exceeding $75,000.00, the exact amount to be proven at trial, plus interest.

51. Rice Lake West is entitled to recover interest as may be allowed by law, including S.D.C.L. ch 5-26.

## COUNT IV
## UNJUST ENRICHMENT/QUANTUM MERUIT/RESTITUTION

52. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

53. Rice Lake West conferred a benefit to the City by providing services and work in connection with the Project, including the Project Work and the Extra Work.

54. The City was aware that it was receiving a benefit from Rice Lake West by accepting the Project Work and the Extra Work.

55. It would be inequitable to allow the City to retain the benefit of Rice Lake West's performance without paying Rice Lake West for the reasonable value of all services and work performed in connection with the Project, including the Project Work and Extra Work, plus overhead and profit.

56. Rice Lake West is entitled to restitution in an amount exceeding $75,000, the exact amount to be proven at trial, plus interest.

## COUNT V
## DECLARATORY JUDGMENT (Wrongful Termination)

57. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

58. Paragraph 16.02.A of the Project's General Conditions provide that the City may terminate Rice Lake West for cause only if one or more conditions are met.

59. None of the conditions outlined in Paragraph 16.02A were met. Thus, the City did not have sufficient grounds to terminate Rice Lake West for cause.

60. Paragraph 16.02.B of the Project's General Conditions provides that the City may terminate Rice Lake West for cause only "after giving [Rice Lake West] (and any surety) ten days

8

written notice that Owner is considering a declaration that Contractor is in default and termination of the contract."

61. The City did not give Rice Lake West and its surety ten days written notice before declaring Rice Lake West to be in default and giving Rice Lake West notice that the Prime Contract was terminated.

62. A dispute exists, within the meaning and purview of 28 USC § 2201, et seq., over whether the City wrongfully terminated Rice Lake West.

63. There is a real and actual controversy over whether the City wrongfully terminated Rice Lake West.

64. An owner who wrongfully terminates a contractor materially breaches the contract.

65. An owner who wrongfully terminates the contract is barred from bringing suit under the contract or recovering damages under the contract.

66. Rice Lake West is entitled to a judgment of the court declaring that the City wrongfully terminated Rice Lake West.

67. Rice Lake West is entitled to a judgment of the court declaring that the City may not sue Rice Lake West for breaching the Prime Contract and may not recover damages under the Prime Contract.

68. Rice Lake West is entitled to a judgment of the court declaring that Rice Lake West is entitled to recover the reasonable value of all services and work performed in connection with the Project, including the Project Work and Extra Work, plus overhead and profit, without any setoff.

### COUNT VI
### DECLARATORY JUDGMENT (Liquidated Damages)

69. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

70. A dispute exists, within the meaning and purview of 28 USC § 2201, et seq., over whether Rice Lake West is liable to the City for liquidated damages for delays in the completion of the Project.

71. There is a real and actual controversy between the City and Rice Lake West whether Rice Lake West is liable to the City for liquidated damages on the Project.

72. Rice Lake West is not liable for any liquidated damages claimed by the City because (a) any delays on the Project were the result of the City's breaches of warranty or breaches of contract, as described above, (b) any delays on the Project were the result of parties, factors, or circumstances outside the control of Rice Lake West or those for whom it is responsible; (c) the City has unreasonably and without justification failed and refused to grant or approve appropriate adjustments to the Contract Times; (d) the City failed to give Rice Lake West immediate written notice (with a copy to BMD) stating the reasons for imposing a setoff and a specific amount of the reduction; and (e) the City wrongfully terminated Rice Lake West.

73. The City has waived its right to enforce the Prime Contract's liquidated damages provisions.

74. Rice Lake West is entitled to a judgment of the court declaring that Rice Lake West is not liable for liquidated damages on this Project.

## COUNT VII
### DECLARATORY JUDGMENT (Proposed Change Orders and Claims)

75. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

76. A dispute exists, within the meaning and purview of 28 USC § 2201, et seq., over whether Rice Lake West is entitled to adjustments to the Contract Times and Contract Price as set forth in all unapproved or outstanding Proposed Change Orders and Claims.

77. There is a real and actual controversy between the City and Rice Lake West whether is entitled to adjustments to the Contract Times and Contract Price as set forth in all unapproved or outstanding Proposed Change Orders and Claims.

78. The City has unreasonably and without justification rejected or ignored Proposed Change Orders and Claims.

79. Rice Lake West is entitled to a judgment of the court declaring that Rice Lake West is entitled to an adjustment to the Contract Price and Contract Times consistent with all unapproved or outstanding Proposed Change Orders and Claims.

## COUNT VIII
## DECLARATORY JUDGMENT (Muth Claims)

80. Rice Lake West re-alleges and incorporates by reference the other paragraphs of this pleading as if set forth fully herein.

81. A dispute exists, within the meaning and purview of 28 USC § 2201, et seq., over whether Muth is entitled to an adjustment to the Subcontract Price and Subcontract Times consistent with all unapproved or outstanding Proposed Change Orders and Claims.

82. There is a real and actual controversy between the City, Rice Lake West, and Muth whether Muth is entitled to an adjustment to the Subcontract Price and Subcontract Times consistent with all unapproved or outstanding Proposed Change Orders and Claims.

83. Rice Lake West is entitled to a judgment of the court declaring that if Muth is entitled to an adjustment to the Subcontract Times and Subcontract Price consistent with unapproved or outstanding Proposed Change Orders and Claims, then Rice Lake West is entitled to a matching adjustment to the Contract Times and Contract Price.

## JURY DEMAND

84. Rice Lake West requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant and Third-Party Plaintiff Rice Lake West, Inc. prays for the following relief:

1. On Count I, judgment in favor of Rice Lake West, Inc. and against the City of Pierre, South Dakota for all sums that may be adjudged against Rice Lake West, Inc. in favor of Muth Electric, Inc., together with an award of costs and disbursements, and reasonable attorneys' fees as may be allowed by law.

2. On Counts II–IV, judgment in favor of Rice Lake West, Inc. and against the City of Pierre, South Dakota in excess of $75,000, the exact amount to be proven at trial, for its breaches of warranties, breaches of contract, and unjust enrichment, together with an award of costs and disbursements, and reasonable attorneys' fees as may be allowed by law.

3. On Counts V–VIII, a declaration that:

    a. The City of Pierre, South Dakota wrongfully terminated the Prime Contract;

    b. The City of Pierre, South Dakota is not allowed to sue Rice Lake West, Inc. for breaching the Prime Contract and is not allowed to recover any damages thereunder;

    c. Rice Lake West, Inc. is entitled to recover the reasonable value of all services and work performed in connection with the Project, including the Project Work and Extra Work, plus overhead and profit, without any setoff;

    d. Rice Lake West, Inc. is not liable for liquidated damages on the Project;

    e. Rice Lake West, Inc. is entitled to an adjustment to the Contract Price and Contract Times consistent with all unapproved or outstanding Proposed Change Orders and Claims; and

    f. If Muth Electric, Inc. is entitled to an adjustment of the Subcontract Times and Subcontract Price consistent with unapproved or outstanding Proposed Change Orders and Claims, then Rice Lake West is entitled to a matching adjustment to the Contract Times and Contract Price from the City of Pierre, South Dakota.

4. For an award of Rice Lake West, Inc.'s costs and disbursements, and reasonable attorneys' fees as may be allowed by law; and

5. For any other relief the Court deems just and equitable.

Dated: November 27 , 2024.

        **HALBACH|SZWARC LAW FIRM**

By: /s/ *Anna Limoges*
Anna Limoges
108 S Grange Ave.
Sioux Falls, SD 57104
(605) 910-7635
alimoges@halbachlawfirm.com

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

Nathan R. Sellers (MN #0393010) (Pro Hac Vice Pending)
80 S. Eighth Street, Suite 1900
Minneapolis, MN 55402
(612) 359-7600
nsellers@fwhtlaw.com

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF, RICE LAKE WEST, INC.**